UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
COURT FILE NO.: CV - \_\_\_14-90\_\_\_

| | |
|---|---|
| HEIDI RICHIE, <br><br> Plaintiff, <br><br> v. <br><br> PROFESSIONAL ACCOUNT SERVICES, INC. <br><br> Defendant. | **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for any pendent state law claims.

2. This action arises out of Defendant's violations of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii), as well as other Federal and State law tort claims.

3. Venue is proper in this District because the acts and transactions occurred here and Defendant transacts business here.

## PARTIES

4. Plaintiff is a natural person who resides in Lake County, Indiana.

5. Defendant PROFESSIONAL ACCOUNT SERVICES INC. (hereinafter "Defendant PAS") is a Tennessee Corporation that does business in Indiana and maintains a Principal Office Address of 4000 Meridian Blvd, Franklin, TN 37067-6325.

## FACTUAL ALLEGATIONS

6. Plaintiff maintains a cellular telephone number bearing a (219) area code and has for a period of time.

-2-

7. Upon information and belief, Defendant PAS has, without permission, continuously contacted Plaintiff's cellular telephone by means of a computer operated dialing system, in an effort to collect a debt, allegedly owed by a third party named "Jaime."

8. Plaintiff has never gone by the name "Jaime."

9. Plaintiff has informed agents of Defendant that she is not "Jaime" and has no knowledge or relation to "Jaime." Agents of Defendants in response have yelled at Plaintiff, stated "yeah right" and "I know you know her."

## Violations of the FDCPA and TCPA

10. Plaintiff has received numerous telephone calls, to her cellular telephone, from Defendant, and unknown agents of Defendant.

11. At various times Plaintiff has received numerous calls to her cellular phone from Defendant using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

12. As recently as February, 2014, Plaintiff received telephone calls from Defendant, which originated from the telephone numbers 612-808-8262, 866-999-6445, 877-576-7640, and/or 615-465-3998.

13. All telephone calls made to Plaintiff's cellular phone were done so in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

14. Defendant's repeated attempt to collect this debt are in violation of the FDCPA, because Defendant is unable to substantiate the character, amount, or legal status of the debt, or otherwise provide documentation of the debt, in violation of 1692c(a)(2), 1692d, 1692d(5), 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692f, and 1692f(1).

15. Additionally, Plaintiff has informed agents of Defendant that she is not "Jaime" and has no knowledge or relation to "Jaime." Agents of Defendants in response have yelled at Plaintiff, stated "yeah right" and "I know you know her." Said actions constitute a violation of the FDCPA as they constitute harassment and invasion to privacy in violation of Section 1692.

### Plaintiff Has Suffered Actual Damages From This Malicious Prosecution

16. As a direct and proximate result of Defendant's actions, Plaintiff has suffered actual damages in the form of emotional distress and aggravation, as Defendant has intruded into her privacy and seclusion.

### TRIAL BY JURY

17. Plaintiff is entitled to and hereby respectfully demands a trial by jury. US Const. amend. 7. Fed. R. Civ. Pro. 38.

### CAUSES OF ACTION

### COUNT I.

### TELEPHONE CONSUMER PROTECTION ACT
### 47 .S.C. Section 227 et seq.

18. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

19. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendant, at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

20. Under the 47 U.S.C. Section 227(b)(3)(B), the Plaintiff is entitled to statutory damages under the TCPA of not less than $500.00 per phone call made to Plaintiff.

21. Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227(b)(3).

22. Plaintiff is entitled to injunctive relief prohibiting Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## COUNT II.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

23. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

25. As a result of each and every Defendant's violations of the FDCPA, Plaintiff has suffered actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant for:

### COUNT I.

### TELEPHONE CONSUMER PROTECTION ACT
### 48 .S.C. Section 227 et seq.

-5-

- for an award of damages pursuant to under the 47 U.S.C. Section 227(b)(3); and/or

- for an award of damages pursuant to the 47 U.S.C. Section 227(b)(3); and

- injunctive relief prohibiting Defendant from contacting the Plaintiff on his cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

## COUNT II.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against each and every Defendant;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant;

Respectfully submitted,

Dated: March 24, 2014

**JAHNKE, SULLIVAN & TOOLIS, LLC**

By: /s/ Thomas W. Toolis
Thomas W. Toolis, Esq.
10075 W. Lincoln Highway
Frankfort, IL 60423
Telephone: (708) 349-9333
Facsimile: (708) 349-8333
twt@jtlawllc.com